UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARON MURRAY**,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**OAKS INTEGRATED CARE, INC.,**<br><br>    **Defendant.** | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, SHARON MURRAY ("Plaintiff" or "Murray"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant OAKS INTEGRATED CARE, INC., ("Oaks" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

1

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt office secretarial duties for the Defendant, Oaks, which is headquartered in Mount Holly, Burlington County, New Jersey, and is thus within the jurisdiction and venue of this Court.

6. Defendant Oaks is a for profit organization, which provides health and social services to children, adults and families, from the tri-state area, offering over 150 programs in 9 counties throughout New Jersey. In addition to utilizing tools and products that have moved through interstate commerce, Defendant also uses the interstate commerce channels to get paid for their services by accepting payments that move through the interstate banking system.

7. Alternatively, Plaintiff worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers. Thus, Plaintiff falls within the protections of the Act.

8. Defendant is therefore within the personal jurisdiction and venue of this Court.

**PARTIES**

**Plaintiff Sharon Murray**

9. Plaintiff Sharon Murray is an individual residing in Vineland, Cumberland County, New Jersey.

10. Plaintiff Sharon Murray became employed by Defendant as a "program secretary" performing secretarial tasks beginning in or about October, 2015. Plaintiff continues to work in this capacity for Defendant to date.

11. Plaintiff was and continues to be paid $12.00 per hour for working forty hours each week.

12. Plaintiff is not paid for her overtime hours worked each week.

**Defendant Oaks Integrated Care, Inc.**

13. Defendant, Oaks, is a New Jersey corporation which provides health and social services to children, adults, and families throughout New Jersey with physical locations in nine (9) counties throughout the state.

14. At all times relevant to this Complaint, Defendant employed Plaintiff and others to work, providing labor for its benefit, i.e., to carry out its function of providing health and social services to children, adults, and families in New Jersey.

15. At all times relevant to this Complaint, Oak's annual gross volume of sales made or business done was not less than $500,000.00.

16. At all times relevant to this Complaint, Oak was and is an enterprise engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

17. Oak regularly performed work throughout the State of New Jersey, using materials and products therein that were transported across state lines.

## FACTS

18. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff for overtime hours worked in a work week.

19. Plaintiff routinely worked approximately forty-three (43) hours per week.

20. Plaintiff is scheduled to work from 8:15 a.m. until 5:00 p.m.

21. Plaintiff is required to open Defendant's facility in Mount Holly and prepare the facility for operation each and every day.

22. Plaintiff arrives at her place of employment at approximately 8:00 a.m. to open the place of business and conducts tasks necessary to start the business day.

23. Plaintiff is prohibited from clocking in when she starts to work at 8:00 a.m., but, rather, is only allowed to clock in at 8:15 a.m.

24. Plaintiff is required to clock in and out every day for lunch.

25. However, at least two times each week, Plaintiff is required to run errands for her employer while being clocked out for lunch.

26. Plaintiff is not paid for this time during her lunch, and during which she is working on behalf of the Defendant.

27. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

28. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendant.

29. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

30. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

31. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

32. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services for Defendant for which Defendant made no provision to pay Plaintiff compensation to which she was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

33. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each and every overtime hour worked per work period.

36. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for his overtime hours worked in a work period.

37. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

39. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 38 above.

40. Defendant's aforementioned conduct is in violation of the NJWHL. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including but not limited to past lost earnings.

41. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff SHARON MURRAY demands judgment, against Defendant, OAKS INTEGRATED CARE, INC., for the payment of compensation for all overtime hours at one and one-half times her regular rate of pay due her for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: October 16, 2017

Respectfully submitted,

s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P. A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*